IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE ASHCOM,                )
                              )
          Plaintiff,           )
                              )
     v.                       ) Civil Action No. 10-164J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
          Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of September, 2011, upon due consideration of plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB and SSI applications on May 9, 2006, alleging disability beginning April 1, 2006, due to heart disease, high blood pressure, high cholesterol, major depression, major anxiety, tendinitis, migraine headaches, a sleep disorder, back pain, acid reflux and drug and alcohol abuse. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 19, 2008, at which plaintiff, who was represented by counsel, appeared and testified. On March 27, 2008, the ALJ issued a decision finding that plaintiff is not eligible for DIB and SSI benefits because her substance addiction is a contributing factor material to the determination of her disability. On April 21, 2010, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 46 years old on her alleged onset date of disability and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has

AO 72
(Rev. 8/82)

a high school education and past relevant work experience as a cashier and chemical dependence technician, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records, the ALJ found that plaintiff suffers from the severe impairments of coronary artery disease and hypertension status post percutaneous transluminal coronary angioplasty with multiple stent placements, left sciatica, degenerative disc disease of the lumbar spine with mild left side radiculopathy, migraine headaches, major depressive disorder, personality disorder not otherwise specified, polysubstance abuse and a history of alcoholism. The ALJ determined that plaintiff's impairments, including the substance abuse disorders, meet the criteria of sections 12.04, 12.06 and 12.09 in the listing of impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1"). Thus, taking into account all of plaintiff's impairments, including substance addiction, the ALJ found that plaintiff would be disabled.

As required by the regulations, the ALJ next considered whether, absent substance addiction, plaintiff's remaining severe impairments would meet or equal a listing in Appendix 1. If plaintiff stopped abusing alcohol and drugs, the ALJ determined that her other severe impairments, even when considered in combination, would not meet or equal the criteria of any listed impairments.

The ALJ then found that absent substance addiction,

plaintiff would have the residual functional capacity to perform sedentary work with a number of non-exertional limitations. Plaintiff is limited to occasional stooping, crouching, crawling and climbing on ramps and stairs, but she must avoid balancing, climbing on ladders, ropes and scaffolds, and exposure to dangerous machinery and unprotected heights. In addition, plaintiff is limited to occasional pushing and pulling with the left lower extremity, including the operation of foot pedals. She also must have the option to sit and stand during the workday for one or two minutes approximately every hour. Further, plaintiff must avoid prolonged concentrated exposure to fumes, odors, dusts, gases, chemical irritants and environments with poor ventilation. Plaintiff also is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment, as well as simple work-related decisions and relatively few work place changes. Additionally, she is restricted to only occasional interaction with supervisors, co-workers and the general public. Plaintiff is further limited to occupations which require only occasional travel or use of public transportation beyond commuting to and from work. Finally, she is limited to occupations that do not involve the handling, sale or preparation of alcoholic beverages or access to narcotic drugs and occupations that are not in the medical field (collectively, the "RFC Finding").

Absent substance addiction, the ALJ determined that plaintiff could not perform her past relevant work. However, based on the vocational expert's testimony, the ALJ concluded that absent

AO 72
(Rev. 8/82)

substance addiction, plaintiff's vocational factors and her residual functional capacity would enable her to perform work that exists in significant numbers in the national economy, such as an addresser, sorter, weigher/tester or labeler. Accordingly, the ALJ found that plaintiff would not be disabled if she stopped her substance abuse, rendering her ineligible for benefits under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B). The Act also expressly provides that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether

AO 72
(Rev. 8/82)

- 5 -

her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

However, if a claimant is found disabled and there is medical evidence of alcoholism or drug addiction, the regulations require the ALJ to determine whether the claimant's alcoholism or drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §§404.1535(a), 416.935(a). The process for making that determination is spelled out in the regulations as follows:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

20 C.F.R. §§404.1535(b), 416.935(b).

If the ALJ concludes based on the foregoing process that the claimant's remaining limitations would not be disabling, then he

AO 72
(Rev. 8/82)

will find that substance addiction is a contributing factor material to the determination of disability, and the claimant will be ineligible for benefits. 20 C.F.R. §§404.1535(b)(2)(i), 416.935(b)(2)(i). Conversely, if the ALJ determines that the claimant's remaining limitations are disabling, the claimant is disabled independent of her substance addiction, and the ALJ will find that the claimant's substance addiction is not a contributing factor material to the determination of disability. 20 C.F.R. §§404.1535(b)(2)(ii), 416.935(b)(2)(ii).

In this case, the ALJ initially considered all of plaintiff's impairments, including her substance addiction, and found that she met the criteria of certain listings at step 3 of the sequential evaluation process, thus rendering her disabled. In accordance with 20 C.F.R. §§404.1535 and 416.935, the ALJ then considered whether plaintiff still would be disabled by her other severe impairments if she stopped her substance abuse. Absent plaintiff's substance addiction, the ALJ determined that the functional limitations which result from her remaining severe impairments do not preclude her from performing work that exists in the national economy. Accordingly, the ALJ concluded that plaintiff's substance addiction is a contributing factor material to the disability determination and therefore found her to be ineligible for benefits. Plaintiff disputes this finding on appeal to this court. After reviewing the medical evidence of record, the court concludes the ALJ's decision that plaintiff's functional limitations are not disabling absent her substance

addiction is supported by substantial evidence.

Plaintiff admitted to one of her treating physicians on numerous occasions that she used alcohol heavily on a daily basis. (R. 701, 706, 711, 766). Plaintiff also conceded to Dr. Kennedy, who performed a psychological consultative examination, that she knew she should quit drinking, but she was unable to do so. (R. 388). Indeed, during several hospital admissions, the doctor observed that plaintiff was "obviously intoxicated," "grossly intoxicated," and "in acute alcohol intoxication." (R. 425, 446, 569). In addition to her alcohol abuse, plaintiff tested positive for the use of barbiturates on numerous occasions. (R. 382, 400, 573).

However, the evidence of record indicates that when plaintiff does not abuse alcohol and drugs, she does not have disabling functional limitations. For example, during an inpatient hospital treatment session from August 22, 2006, until September 4, 2006, her Global Assessment of Functioning ("GAF") score improved from 40 at admission to 65 at discharge, which indicates only mild symptoms.[1] (R. 382-83). Likewise, during an inpatient hospital stay from April 21, 2007, to May 8, 2007, plaintiff's GAF score

---

[1] The GAF scale, designed by the American Psychiatric Association, is used by clinicians to report an individual's overall level of mental functioning. The GAF scale considers psychological, social and occupational functioning on a hypothetical continuum of mental health to illness. The highest possible score is 100 and the lowest is 1. A score between 61 and 70 indicates that one has mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational or school functioning (e.g., occasional truancy, or theft within the household), but generally functions pretty well and has some meaningful interpersonal relationships. Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 2000).

improved from 30 at admission to 60 at discharge, reflecting only moderate symptoms.[2] (R. 573).

After examining plaintiff, Dr. Kennedy stated that "continued abstinence would improve [her] prognosis", (R. 394), thus suggesting plaintiff's ability to function would improve if she stopped abusing alcohol and drugs. In addition, Dr. Kennedy found that plaintiff was cooperative, compliant, displayed adequate self-sufficiency, had fair abstract thinking, judgment, concentration and insight, and was fully oriented and able to sustain attention for the entire evaluation. (R. 387, 390-91). Dr. Kennedy rated plaintiff as being only moderately limited in the functional areas of understanding, remembering and carrying out short, simple instructions, making judgments on simple work-related decisions, responding appropriately to work changes and interacting appropriately with others.[3] (R. 393). The consultative psychological evaluation, and the other substantial evidence of record, indicates that plaintiff does not have a disabling mental impairment absent her substance addiction. Accordingly, the ALJ properly found that plaintiff's substance

---

[2] A GAF score between 51 and 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers).

[3] Dr. Kennedy found plaintiff had marked restrictions in her ability to understand, remember and carry out detailed instructions and in her ability to respond appropriately to work pressures. (R. 393). The ALJ accounted for these limitations in his RFC Finding by limiting plaintiff to work involving only simple, routine, repetitive tasks that are not performed in a fast-paced production environment, as well as simple work-related decisions and relatively few work place changes.

addiction is a contributing factor material to the determination of disability, thus she is ineligible for benefits.

Plaintiff challenges the ALJ's finding by arguing that he did not give appropriate weight to the opinion of Dr. Cassone, who was her treating psychiatrist. Plaintiff also argues that the ALJ's RFC Finding is not supported by substantial evidence because he did not adequately account for her problems with balance. Finally, plaintiff claims the ALJ failed to consider the effects of her migraine headaches in finding her not disabled. For reasons explained below, these arguments lack merit.

First, the ALJ properly considered and weighed Dr. Cassone's opinion concerning plaintiff's functional capabilities. Dr. Cassone completed a form entitled "Medical Source Statement of Ability to do Work-Related Activities (Mental)" on which he rated plaintiff as having marked and extreme limitations in numerous functional areas. (R. 748). The ALJ determined that Dr. Cassone's assessment was not entitled to controlling weight because it was not well supported by medically acceptable clinical and laboratory diagnostic techniques and it was inconsistent with the other substantial evidence of record. See 20 C.F.R. §§404.1527(d)(2); 419.927(d)(2).

The ALJ explained that Dr. Cassone's opinion was not given controlling weight because he did not cite any objective finding to support such extreme limitations, but rather relied on plaintiff's own statements about her problems, which the ALJ found were not entirely credible. (R. 30, 748). Moreover, the medical

evidence does not contain any objective findings made by Dr. Cassone to support the limitations he identified. (R. 30). As the ALJ also pointed out, Dr. Cassone rated plaintiff with a GAF score of 50, which is inconsistent with his extremely restrictive assessment of her capabilities. (R. 30, 756). Further, as the ALJ correctly observed, Dr. Cassone's assessment was inconsistent with other medical evidence indicating that plaintiff's ability to function improved when she remained sober. (R. 30).

In sum, the ALJ properly considered Dr. Cassone's opinion of plaintiff's functional capabilities and explained why he did not give the doctor's opinion controlling weight.[4] The ALJ's decision in that regard is supported by substantial evidence.

Plaintiff next argues that the ALJ's RFC Finding is not supported by substantial evidence because he did not adequately account for her problems with balance. Plaintiff is incorrect. The ALJ included in the RFC Finding a restriction that plaintiff is precluded from work that involves balancing. (R. 21). The balancing restriction was included in the hypothetical question posed to the vocational expert, along with all the other limitations incorporated in the ALJ's RFC Finding. In response, the vocational expert identified four sedentary jobs plaintiff can perform that do not require balancing. Because the vocational

---

[4]Plaintiff also asserts that the ALJ did not properly consider the opinion of Dr. Kennedy, who, as previously stated, performed a psychological consultative examination. Contrary to plaintiff's assertion, the ALJ fully considered Dr. Kennedy's assessment of her functional capabilities, (R. 29), and accounted for his assessment in the RFC Finding. See supra, footnote 3.

expert identified jobs that do not require plaintiff to balance, substantial evidence supports the ALJ's finding that she can perform work that exists in the national economy.

Plaintiff's final argument is that the ALJ failed to consider the effects of her migraine headaches in finding her not disabled. To the contrary, the ALJ found that plaintiff's migraine headaches were a severe impairment, but she did not suffer any associated disabling functional limitations. (R. 17, 25). As the ALJ explained, plaintiff's migraine headaches did not cause nausea, vision problems or photophobia. (R. 25). Moreover, plaintiff's migraine headaches were controlled with medication, which eventually was discontinued by her treating physician. (R. 27, 706, 710, 768). Accordingly, the ALJ considered plaintiff's migraine headaches, but properly concluded they were not a disabling impairment.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901